195688.1

JUDGE JONES 09 CV 2607

Milton Springut
Tal S. Benschar
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600
Fax: (212) 813-9600

RECEIVED
MAR 20 2009
U.S.D.C. S.D. N.Y.
CASHIERS

*Attorneys for Plaintiffs*
*Cartier International, N.V. and Cartier Creations Studios, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CARTIER INTERNATIONAL, N.V. and      :
CARTIER CREATION STUDIOS, S.A.,      :     Civil Action
                                     :
            Plaintiffs,              :     No.
      v.                             :
                                     :     **COMPLAINT**
ALDO U.S. INC., XYZ Corporations 1-20,:
and John Does 1-10,                  :
                                     :
            Defendants.              :
----------------------------------------------------------x

## NATURE OF THE CASE, JURISDICTION AND VENUE

1.      This case involves the sale and promotion of watches that bear designs that are close imitations of Plaintiffs' SANTOS DE CARTIER line of watches. The watches in that line bear designs protected by certain design patents and as Plaintiffs' trade dress. Plaintiffs seek relief for Defendants' acts of design patent and trade dress infringement.

2.      This Court has subject matter jurisdiction over the claims in this action relating to design patent, trademark and trade dress infringement and false designations of origin and false descriptions pursuant to 15 U.S.C. § 1121, 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338(a)

3.      This Court has supplemental jurisdiction over the claims in this Complaint arising under the common law pursuant to 28 U.S.C. § 1367(a), because the state law claims are

so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. The Court also has jurisdiction over any claims of unfair competition pursuant to 28 U.S.C. § 1338.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

## THE PARTIES

5. Plaintiff, Cartier International, N.V. is a Netherlands Antilles corporation, having its principal office and place of business at Scharlooweg 33, Curaçao, the Netherlands Antilles ("Cartier International").

6. Plaintiff Cartier Creation Studio, S.A. is a Swiss corporation having its principal office and place of business at 8 Boulevard James-Fazy, Geneva, Switzerland ("Cartier Creation Studio"). For purposes of this Complaint, except where specified, the plaintiffs' interests herein are as a practical matter identical and they are referred to collectively and interchangeably as "Cartier."

7. Defendant Aldo U.S. Inc., is a Delaware Corporation, having its principal office and place of business at 2300 Emile-Berlanger, St. Laurent, Quebec, Canada H4R-3J4 ("Aldo"). Defendant Aldo is, upon information and belief, transacting and doing business in this judicial district, and is registered to do business in the State of New York. Aldo is subject to the personal jurisdiction of this Court.

8. Upon information and belief, defendants XYZ Corporations 1-20 are other companies affiliated or otherwise involved with Aldo's business, and have participated in the same wrongful acts for which Aldo is accused herein below, for the benefit of Aldo and for their

own benefit. Defendants XYZ Corporations 1-20 are doing business in this judicial district and are subject to the personal jurisdiction of this Court.

9. Upon information and belief, Defendants John Does 1-10 are individuals or entities who are suppliers of the defendants named hereinabove who have offered for sale or sold to defendants one or more items infringing of Cartier's rights as set forth more fully herein. Alternatively, John Does 1 to 10 are individuals who are officers or other managing agents of such suppliers and are each a conscious dominant and active force behind the wrongful acts of such suppliers, which wrongful acts they have engaged in for the benefit of these customers and for their own individual gain and benefit. Defendants John Does 1-10 are transacting and doing business in the judicial district and are subject to the personal jurisdiction of this Court.

10. All defendants herein are collectively referenced as "Defendants."

## FACTS COMMON TO ALL COUNTS

### The CARTIER Brand and Businesses

11. Plaintiffs' origins date to over 150 years ago, when master jeweler Louis Francois Cartier established his jewelry concern in the heart of Paris, and established the CARTIER brand.

12. Cartier created the first women's wristwatch in 1888, and in 1904 the first wristwatch to utilize a leather strap.

13. Over the last century and a half, Cartier's leadership in the field of fine jewelry and watch design has caused the Cartier brand to be regarded as the preeminent global symbol of cosmopolitan fashion and prosperity.

14. For decades, Cartier's corporate affiliates and predecessors have operated an internationally famous retail store at Fifth Avenue and 52nd Street in New York City. The same affiliates operate retail shops in many of America's major cities and licenses distributors to sell world-acclaimed Cartier watches and jewelry throughout the United States in fine stores.

15. Cartier International is the owner of all trademarks and trade dress for watches and jewelry sold by Cartier. These rights are licensed to corporate affiliates in the U.S. for use in the Cartier business.

16. Cartier Creation is the owner of all copyrights and design patents for watches and jewelry sold by Cartier. These rights are licensed to corporate affiliates in the U.S. for use in the Cartier business.

17. The watches and jewelry produced and marketed pursuant to the foregoing arrangements are variously referred to herein as "Cartier" watches.

18. No defendants in this action has sought or received a license from any plaintiff or any corporate affiliate of any plaintiff for any purpose whatsoever.

## THE CARTIER INTELLECTUAL PROPERTY

### The Santos Watch

19. Among Cartier's famous watch designs is the SANTOS, also known as the Santos de Cartier, which has been marketed for nearly a century.

20. Shown below are photographs of two variations of the Cartier SANTOS watch.



### SANTOS Trade Dress

21.    Cartier's SANTOS Watches feature a distinctive and unique combination of elements that collectively create a particular trade dress (the "SANTOS Trade Dress"). The SANTOS Trade Dress consists of a collocation of design elements. The combination of all or almost all such elements together give the watches a distinct overall look and commercial impression. Although these elements cannot be perfectly described in words, the following describes the elements of the SANTOS Trade Dress:

   a) The watch face is square with rounded corners and surrounded by a square-shaped, unitary frame or bezel, having rounded corners, and featuring eight screw heads set around the bezel at 1, 2, 4, 5, 7, 8, 10 and 11 o'clock.

b) The watch case around the bezel is a unitary square piece with extensions at the upper and lower ends extending past the horizontal portion thereof and narrowing in width and ending in a rounded end framing the end links in the bracelet chain or the end of the watch strap, as the case may be.

c) The winding crown is a faceted octagon set with either a flat, faceted stone or a rounded cabochon surrounded by two triangular shaped protectors above and below it.

d) The watch face features Art Deco-style Roman numerals. Each numeral inclines to conform to the angle-direction of the watch hands at such time as the hands are juxtaposed to that numeral.

e) The watch face has a "chemin-de-fer" (railroad) chapter ring or minute guide located proximate to the numerals, with every fifth minute indication being thicker and bolder.

f) On watches having a metal bracelet chain, the bracelet consists of connecting rectangular plates, the width thereof extends across the entire width of the bracelet and the plates have screw heads decorating both ends of each plate.

22.  The collocation of features set forth in the above paragraph constitutes a distinctive trade dress that has secondary meaning. This design has been extensively promoted by Cartier in the United States and has achieved significant sales success. The public has come to recognize this design as distinctive of this line of Cartier watches and as an indication of source of such watches. The SANTOS Trade Dress is thus a means by which Cartier is known to the public and the trade as the sole source and origin of Cartier SANTOS watches.

**The SANTOS DESIGN PATENTS**

23.     United States Design Patents Nos. D508,421 and D560,514 were duly issued by the U.S. Patent Office for ornamental designs for various aspects of the SANTOS Watch design respectively on August 16, 2005 and January 29, 2008 (hereinafter collectively the "SANTOS Design Patents"). Cartier Creations owned the SANTOS Design Patents throughout the period of the Defendants' infringing acts and still owns such patents.

**The Goodwill and Fame of the Products, Marks and Designs**

24.     Cartier has extensively advertised and promoted the trademarks, trade dress and designs set forth above.

25.     As set forth above, Cartier has also been an important innovator in watch and jewelry fashion and design.

26.     Cartier takes particularly great care and applies the highest level of professional skill in the design and manufacture of its watches and jewelry.

27.     Cartier has invested millions of dollars over the years in marketing, promoting and advertising the fine quality of its jewelry and watches, including the trademarks, trade dress and designs set forth above.

28.     As a result of all the foregoing, Cartier has established a worldwide reputation for the uniform high quality of Cartier watches and jewelry sold under or in connection with the trademarks, trade dress, and design set forth above. As a result, these watches and designs have acquired outstanding renown and invaluable goodwill in the United States and around the world.

### **Defendants' Infringing and Unfairly Competitive Activities**

29. Long after Cartier's adoption of the various watch designs set forth above, and long after Cartier's obtaining the design patents listed above, Defendants commenced the manufacture, distribution, advertising and sale of watches bearing copies of the above watch designs and trade dress, as they are shown above.

30. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of Cartier's design patents and trade dress, and were commenced and have continued in spite of Defendants' knowledge that the use of Cartier's watch designs or a copy or a colorable imitation thereof was and is in direct contravention of Cartier's rights.

31. Upon information and belief, the watches manufactured by or on behalf of defendants are of inferior quality to genuine Cartier watches.

## COUNT I

### **TRADE DRESS INFRINGEMENT**

### 15 U.S.C. § 1125(a)

32. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

33. As detailed herein above, Defendants have reproduced, copied and imitated the SANTOS Trade Dress in designing certain of their watches in a manner that is confusingly similar to these distinctive trade dresses of Cartier.

34. Defendants' adoption and use of the SANTOS Trade Dress constitutes trade dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. The actions and conduct of Defendants complained of herein has damaged Cartier and will, unless restrained, further impair, if not destroy, the value of the SANTOS Trade Dress and the goodwill associated therewith.

36. Defendants' trade dress infringement has caused Cartier to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

37. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause Cartier to sustain irreparable damage, loss and injury, for which Cartier has no adequate remedy at law.

## COUNT II

### TRADE DRESS INFRINGEMENT

**Common Law**

38. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

39. Defendants' actions constitute trade dress infringement and unfair competition in violation of common law.

40. The actions and conduct of Defendants complained of herein has damaged Cartier and will, unless restrained, further impair, if not destroy, the value of the SANTOS Trade Dress and the goodwill associated therewith.

41. Defendants' trade dress infringement has caused Cartier to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

45. Defendants' trade dress infringement, unless enjoined by this Court, will continue to cause Cartier to sustain irreparable damage, loss and injury, for which Cartier has no adequate remedy at law.

## COUNT III

### DESIGN PATENT INFRINGEMENT

### 35 U.S.C. § 271

46. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

47. Upon information and belief, Defendants have been and are infringing the SANTOS Design Patents under 35 U.S.C. §271(a) by making, using, offering for sale or selling, without license or authority from Cartier, in this District and elsewhere in the United States, watches bearing an ornamental design that embodies the inventions claimed in such design patents, Defendants will continue to do so unless enjoined by the Court.

48. Cartier has been damaged by the Defendants' infringement of the SANTOS Design Patents, and will continue to be damaged by that infringement, unless the Defendants' infringement is enjoined by this Court.

49. Cartier has no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for the following relief as may be applicable to the Defendants herein:

1.  That Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

    (a) from using in any manner the SANTOS Trade Dress alone or in combination with any other words or designs, in manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by Cartier, or not authorized by Cartier to be sold in connection with their respective said marks;

    (b) From representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that defendants, or any of its goods, are authorized or sponsored by Cartier;

    (c) From passing off, inducing or enabling others to sell or pass off any goods as products produced by plaintiffs which are not in fact genuine Cartier goods, or not produced under the control and supervision of Cartier and approved by Cartier; and

    (d) From further infringing the SANTOS Design Patents;

2.  That Defendants be required to deliver up to Plaintiffs for destruction, any and all goods in their possession or under its control that were or are being advertised, promoted, offered for sale or sold in connection with the SANTOS Trade Dress or infringing any of the SANTOS Design Patents, whether alone or in combination with any words or designs.

3.  That Defendants be required to deliver up to Plaintiffs for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods which were or are being advertising, promoted, offered for sale or sold in

connection with the SANTOS Trade Dress or infringing the SANTOS Design Patents, whether alone or in combination with any words or designs.

4. That Defendants be required to supply Plaintiffs with a complete list of entities or individuals to whom it has offered for sale the goods which were or are being advertising, promoted, offered for sale or sold in connection with the SANTOS Trade Dress, and/or SANTOS Design Patents, whether alone or in combination with any words or designs, and be required to contact such entities, inform them that such items in Defendants' catalog or on Defendants' websites are no longer for sale and may no longer be offered for sale, and providing them with the means of blacking out the offerings of infringing goods in such catalogs or other advertising materials.

5. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with permanent injunction.

6. That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by them, either individually or jointly, and for all damages sustained by Plaintiffs by reason of Defendants' actions complained of herein, including an award of treble damages as provided for statute.

7. That Defendants be required, pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 289, to account to Plaintiffs for any and all profits derived by it, either individually or jointly, and for all damages sustained by plaintiffs by reason of Defendants' actions complained of herein, but not less than a reasonable royalty and no less than $250, plus interest.

8. That the award of damages be trebled as provided for by 35 U.S.C. §284 for willful patent infringement.

9. That Plaintiffs be awarded punitive damages.

10. That Plaintiffs be awarded both pre-judgment and post-judgment interest on each and every damage award.

11. That pursuant to 15 U.S.C. § 1117, Plaintiffs have and recover from defendants, plaintiffs' reasonable attorneys' fees, costs and disbursements of this civil action.

12. That Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: March 20, 2009
New York, NY

> KALOW & SPRINGUT LLP
> 488 Madison Avenue
> New York, New York 10022
> (212) 813-1600
> Fax: (212) 813-9600
>
> *Attorneys for Plaintiffs*
> *Cartier International, N.V. and Cartier Creations Studios, S.A.*
>
> By: _____
> Milton Springut
> Tal S. Benschar